1  LAWRENCE K. ROCKWELL, #72410
   ERIC DONEY, #76260
2  JULIE E. HOFER, #152185
   DONAHUE GALLAGHER WOODS LLP
3  Attorneys at Law
   300 Lakeside Drive, Suite 1900
4  Oakland, California 94612-3570
   Telephone:   (510) 451-0544
5  Facsimile:   (510) 832-1486
   Email: julie@donahue.com
6
   Attorneys for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT

10

11 | ADOBE SYSTEMS INCORPORATED, a      | CASE NO.
   | Delaware corporation, COREL
12 | CORPORATION, a Canadian corporation, | **COMPLAINT FOR DAMAGES AND**
   | SONIC SOLUTIONS, a Delaware          | **INJUNCTIVE RELIEF**
13 | corporation, SYMANTEC
   | CORPORATION, a Delaware corporation,
14 | and SYMANTEC OPERATING
   | CORPORATION, a Delaware corporation;
15
             Plaintiffs,
16
   v.
17
   FOX ROTHSCHILD LLP, a Pennsylvania
18 limited liability partnership;

19           Defendant.

20

21

22

23

24

25

26

27

28

Plaintiffs Adobe Systems Incorporated ("Adobe"), Corel Corporation ("Corel"), Sonic Solutions ("Sonic"), Symantec Corporation, and Symantec Operating Corporation (referred to collectively hereinafter as "Plaintiffs"), by and through their attorneys, Donahue Gallagher Woods LLP, for their complaint against defendant Fox Rothschild LLP ("referred to hereinafter as "Defendant"), state and allege as follows:

## JURISDICTION AND VENUE

### Parties

1. Adobe is a Delaware corporation having its principal place of business in San Jose, California.

2. Corel is a Canadian corporation having its principal place of business in Ottawa, Ontario, Canada.

3. Sonic is a Delaware corporation having its principal place of business in Novato, California.

4. Symantec Corporation is a Delaware corporation having its principal place of business in Cupertino, California. Symantec Operating Corporation, formerly known as VERITAS Operating Corporation, is a wholly owned subsidiary of VERITAS Software Corporation, which is a wholly owned subsidiary of Symantec Corporation. Symantec Corporation and Symantec Operating Corporation are referred to collectively hereinafter as "Symantec."

5. Defendant Fox Rothschild LLP, upon information and belief, is a Pennsylvania limited liability general partnership, having its principal place of business in Philadelphia, Pennsylvania, with offices in several locations, including an office in San Francisco, California.

### Jurisdiction

6. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction of this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

### Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

///

## Intradistrict Assignment

8. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

### The Business of Plaintiffs

9. Plaintiffs are in the business of developing and marketing computer software programs recorded on various media, including among others magnetic disks (hereinafter referred to as "software") for use on microcomputers of the type commonly referred to as "personal computers." Plaintiffs package and distribute their computer software products with associated user instruction manuals, end-user license agreements, and other documentation.

10. Plaintiffs have made and continue to make a substantial investment of time, effort, and expense in the design, development, manufacturing and marketing of their computer software products.

### The Business of Adobe

11. Adobe is in the business of designing, developing, promoting, advertising, marketing, distributing, manufacturing and licensing a wide variety of computer software programs. Four (4) of Adobe's copyrighted computer software products are Adobe® Acrobat® 5.0 for Windows software, Adobe® Acrobat® 5.0 for Mac software, Adobe® Acrobat® 6.0 for Windows software, and Adobe® Acrobat® 6.0 for Mac software (referred to collectively hereinafter as the "Adobe Products").

12. The Adobe Products contain a large amount of material wholly original with Adobe and are copyrightable subject matter under the laws of the United States.

13. At all times herein relevant, Adobe complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act"), secured the exclusive rights and privileges in and to the copyrights in the Adobe Products, and possessed Certificates of Registration from the Register of Copyrights for each of the Adobe Products (see Exhibit A).

14. Since their registration, the Adobe Products have been published and distributed by Adobe or under its authority in compliance with the provisions of the Copyright Act. Adobe has

1  not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the
2  Adobe Products.

### The Business of Corel

15. Corel is in the business of designing, developing, promoting, advertising, marketing, distributing, manufacturing and licensing a wide variety of computer software programs. Four (4) of Corel's copyrighted computer software products are Corel® WordPerfect® Office 11 software, Corel® WinZip® 8.0 software, Corel® WinZip® 9.0 software, and Corel® WinZip® 10.0 software (referred to collectively hereinafter as the "Corel Products").

16. The Corel Products contain a large amount of material wholly original with Corel and are copyrightable subject matter under the laws of the United States.

17. At all times herein relevant, Corel complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act"), secured the exclusive rights and privileges in and to the copyrights in the Corel Products, and possessed Certificates of Registration from the Register of Copyrights for each of the Corel Products (see Exhibit B).

18. Since their registration, the Corel Products have been published and distributed by Corel or under its authority in compliance with the Copyright Act. Corel has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Corel Products.

### The Business of Sonic

19. Sonic, including through its Roxio division, is in the business of designing, developing, promoting, advertising, marketing, distributing, manufacturing and licensing a wide variety of computer software programs. Four (4) of Sonic's copyrighted computer software products are Roxio® Easy CD & DVD Creator™ 6.0 Starter Kit software, Roxio® Easy CD & DVD Creator™ 6.0 Basic VCD software, Roxio® Easy CD & DVD Creator™ Digital Media Suite 6.0 software, and Roxio® Easy CD & DVD Creator™ 6.0 Basic DVD software (referred to collectively hereinafter as the "Sonic Products").

20. The Sonic Products contain a large amount of material wholly original with Sonic and are copyrightable subject matter under the laws of the United States.

-3-

21. At all times herein relevant, Sonic complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act"), secured the exclusive rights and privileges in and to the copyrights in the Sonic Products, and possessed Certificates of Registration from the Register of Copyrights for the Sonic Products (see Exhibit C).

22. Since their registration, the Sonic Products have been published and distributed by Sonic or under its authority in compliance with the provisions of the Copyright Act. Sonic has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Sonic Products.

### The Business of Symantec

23. Symantec is in the business of designing, developing, promoting, advertising, marketing, distributing, manufacturing and licensing a wide variety of computer software programs. Seven (7) of Symantec's copyrighted computer software products are Symantec® Norton AntiVirus® 8.0 software, Symantec® Norton AntiVirus® 9.0 software, Symantec® Norton AntiVirus® 2005 software, Symantec® Backup Exec™ 9.1 software, Symantec® Backup Exec™ 10 software, Symantec® pcAnywhere® 9.0 software, and Symantec® pcAnywhere® 10.5 software (referred to collectively hereinafter as the "Symantec Products").

24. The Symantec Products contain a large amount of material wholly original with Symantec or its predecessor in interest and are copyrightable subject matter under the laws of the United States.

25. At all times herein relevant, Symantec or its predecessor in interest complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act"), secured the exclusive rights and privileges in and to the copyrights in the Symantec Products, and possessed Certificates of Registration from the Register of Copyrights for each of the Symantec Products (see Exhibit D).

26. Since their registration, the Symantec Products have been published and distributed by Symantec or under its authority in compliance with the provisions of the Copyright Act. Symantec has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Symantec Products.

### The Business of Defendant

27. Plaintiffs are informed and believe and thereon allege that Defendant is a law firm headquartered in Philadelphia, Pennsylvania with offices throughout the United States, including in San Francisco, California. Plaintiffs are informed and believe and thereon allege that Defendant is in the business of representing the legal interests of clients including in the area of intellectual property law.

28. Plaintiffs are informed and believe and thereon allege that Defendant, in conducting its business, utilizes personal computers. Plaintiffs are informed and believe and thereon allege that Defendant has engaged in the unauthorized reproduction and use of the Adobe Products, the Corel Products, the Sonic Products, and the Symantec Products, identified above, on these personal computers for the use of Defendant's officers, partners, employees and/or agents in the scope of their employment. (The Adobe Products, the Corel Products, the Sonic Products, and the Symantec Products are collectively referred to hereinafter as the "Computer Software Products").

29. Plaintiffs are informed and believe and thereon allege that to conduct its business Defendant engaged in the unauthorized reproduction of certain of the Computer Software Products and has willfully and intentionally engaged in the conduct complained of herein.

### CLAIM FOR RELIEF
### (Copyright Infringement)

30. Plaintiffs reallege and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth.

31. Defendant's acts constitute infringement of Plaintiffs' copyrights in the Computer Software Products in violation of the Copyright Act.

32. Plaintiffs are informed and believe and thereon allege that Defendant's reproduction of the Computer Software Products was deliberate, willful, malicious, oppressive, and without regard to Plaintiffs' proprietary rights.

33. Defendant's copyright infringement has caused, and will continue to cause, Plaintiffs to suffer substantial injuries, loss, and damage to their proprietary and exclusive rights to, and

-5-

copyrights in, the Computer Software Products and, further, has damaged Plaintiffs' business reputations and goodwill, diverted trade, and caused a loss of profits, all in an amount not yet ascertained.

34. Defendant's copyright infringement, and the threat of continuing infringement, has caused and will continue to cause, Plaintiffs to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendant's continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Defendant. Therefore, Defendant should be restrained and enjoined pursuant to the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors, and assigns, and all other persons acting in concert or conspiracy with Defendant or affiliated with Defendant from:

(a) Copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using any unauthorized copies of the Computer Software Products published by Plaintiffs;

(b) Otherwise infringing any of Plaintiffs' copyrights;

(c) Erasing, deleting, altering, or destroying any infringing copies of software published by Plaintiffs that are in the possession of Defendant or installed on Defendant's computers; and

(d) Destroying any documents, electronic files, business records or any other materials that pertain to the copying, reproduction, manufacture, duplication, dissemination, distribution, or use of any infringing copies of software published by Plaintiffs or under Plaintiffs' authority.

2. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a) and (b) of this Prayer for Relief;

3. That Plaintiffs be awarded damages for Defendant's copyright infringement either: (i)

-6-

actual damages in an amount to be determined at trial, together with Defendant's profits derived from their unlawful infringement of software published by Plaintiffs; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. §504, at Plaintiffs' election before the entry of a final judgment, together with prejudgment and post-judgment interest;

4. That the Court issue an order requiring Defendant to destroy all infringing copies of the Plaintiffs' software products at the conclusion of the present matter;

5. That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17 U.S.C. § 505;

6. That the Court award Plaintiffs their costs of suit incurred herein; and

7. That the Court grant Plaintiffs such other and further relief as it deems just and equitable.

Dated: December 5, 2007

DONAHUE GALLAGHER WOODS LLP

By: _____
Julie E. Hofer
Attorneys for Plaintiff

## EXHIBIT A
### Adobe Systems Incorporated

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Acrobat 5.0 for Windows | TX0005545265 | 06/28/2001 |
| Acrobat 5.0 for Mac | TX000554266 | 06/28/2001 |
| Acrobat 6.0 for Mac | TX0005748744 | 06/19/2003 |
| Acrobat 6.0 for Windows | TX0005748745 | 06/19/2003 |

EXHIBIT A

## EXHIBIT B
### Corel Corporation

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| WinZip 8.0 | TX0005482443 | 01/19/2001 |
| WinZip 9.0 | TX0005949962 | 03/31/2004 |
| WinZip 10.0 | TX0006326260 | 01/22/2006 |
| WordPerfect Office 11 | TX0005776533 | 07/23/2003 |

EXHIBIT B

## EXHIBIT C
### Sonic Solutions

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| Roxio Easy CD & DVD Creator 6.0 Starter Kit | TX0005827203 | 08/27/2003 |
| Roxio Easy CD & DVD Creator 6.0: Basic VCD | TX0005788968 | 07/14/2003 |
| Roxio Easy CD & DVD Creator Digital Media Suite 6.0 | TX0005759573 | 05/07/2003 |
| Roxio Easy CD & DVD Creator 6 - Basic DVD | Txu001117131 | 05/23/2003 |

EXHIBIT C

## EXHIBIT D
### Symantec Corporation

| Copyrights | Registration No. | Registration Date |
|---|---|---|
| NortonAntiVirus 2002 (version 8.0) | TX0005704654 | 04/04/2003 |
| Norton AntiVirus 2003 (Version 9.0) | TX0005704655 | 04/04/2003 |
| Norton AntiVirus 2005 | TX0006312240 | 03/27/2006 |
| VERITAS Backup Exec 10.0 | TX0006155960 | 04/11/2005 |
| VERITAS Backup Exec 9.1 | TX0005892908 | 03/01/2004 |
| PcAnywhere 9.0 | TX0005300088 | 11/08/2000 |
| PcAnywhere 10.5 | TX0006358627 | 06/09/2006 |